# Supreme Court of Florida

_____

No. SC21-1680

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.720 AND FLORIDA RULE OF JUVENILE PROCEDURE 8.115.**

_____

No. SC22-214

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.720.**

July 14, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure and the Florida Rules of Juvenile Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e) - (f). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

In case number SC21-1680, The Florida Bar's Criminal Procedure Rules Committee (CrimPRC) and Juvenile Court Rules

Committee (JCRC) filed a joint report proposing amendments to Florida Rule of Criminal Procedure 3.720 (Sentencing Hearing) and Florida Rule of Juvenile Procedure 8.115 (Disposition Hearing). The Board of Governors of The Florida Bar unanimously approved the joint proposal. The Court published the proposal for comment in *The Florida Bar News*, one comment was received, and the committees filed a joint response.

In case number SC22-214, the CrimPRC filed a report proposing additional amendments to rule 3.720 that are unrelated to case number SC21-1680. The Board of Governors of The Florida Bar unanimously approved the Committee's proposal. The CrimPRC and the Court published the proposal in *The Florida Bar News*, and no comments were received. To avoid confusion associated with amending the same rule twice in close succession, we consolidate these two cases.

Having considered both reports, the comment, and the joint response, the Court hereby adopts the amendments as proposed by the committees in both cases. The more significant amendments are discussed below.

First, as to case number SC21-1680, new subdivision (e) is added to rule 3.720 and new subdivision (f) is added to rule 8.115. The new subdivisions mirror each other and direct the court to determine restitution at the sentencing or disposition hearing if applicable, dictate that the amount and method of determining restitution is as provided by law, and designate who should receive a copy of the restitution order.

Next, as to case number SC22-214, the language of rule 3.720(d) is amended to clarify that the court must provide notice and a hearing when it assesses fees and costs against an indigent defendant who received the assistance of an appointed attorney only when the amount exceeds the statutory minimum. This amendment is intended to align the rule with section 938.29, Florida Statutes (2021). *See State v. J.A.R.*, 318 So. 3d 1256 (Fla. 2021) (finding that "the trial court was not required to provide notice and hearing" to a defendant when it imposed the statutory minimum fee under section 938.29(1)(a)).

Accordingly, we amend the Florida Rules of Criminal Procedure and the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by

underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Florida Rules of Criminal Procedure and Florida Rules of Juvenile Procedure

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Cynthia Cohen, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, Alan S. Apte, Past Chair, Criminal Procedure Rules Committee, Orlando, Florida, Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, Candice Kaye Brower, Past Chair, Juvenile Court Rules Committee, Gainesville, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Anthony C. Musto on behalf of the Public Interest Law Section of The Florida Bar, Hallandale Beach, Florida,

Responding with comments

## APPENDIX

## RULE 3.720.   SENTENCING HEARING

As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing:

(a) – (c) [No Change]

(d)(1) ~~If the accused was represented by a public defender or other court appointed counsel, the court shall notify the accused of the imposition of a lien~~The court must address imposition of fees and costs pursuant to section 938.29, Florida Statutes. ~~The amount of the lien shall be given and a j~~Judgment must be entered against the defendant in ~~that~~the amount of such fees and costs imposed~~against the accused~~. The court must give notice of, and afford the defendant an opportunity to contest, any amounts exceeding the statutory minimum.~~Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.~~

(2)    If the ~~accused~~defendant requests a hearing to contest the amount of the ~~lien~~fees and costs exceeding the statutory minimum, the court ~~shall~~must set a hearing date within 30 days of ~~the date of~~ sentencing.

(e)    At the sentencing hearing, the court must make a determination if restitution is applicable. The amount and method of restitution is to be determined as provided by law. Copies of the restitution order shall be provided to the defendant, attorney for the defendant, state attorney, and victim.

## Committee Notes

## [No Change]

- 5 -

**RULE 8.115.   DISPOSITION HEARING**

**(a) – (e)   [No Change]**

**(f)   Restitution.** At the disposition hearing, the court must make a determination if restitution is applicable. The amount and method of restitution is to be determined as provided by law. Copies of the restitution order shall be provided to the child, parent or guardian of the child, attorney for the child, state attorney, victim, and department representative.

**Committee Notes**

**[No Change]**